## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

Civil Action No. _____2:22-cv-14425_____

ZACHARY SAWICKI, individually, and
behalf of all others similarly situated,

    Plaintiff,

v.

LOAN DEPOT LLC, and
JOHN DOES 1-10,

    Defendants.

_____/

## CLASS ACTION COMPLAINT

**NOW COMES** ZACHARY SAWICKI ("Plaintiff), individually, and

behalf of all others similarly situated, by and through his undersigned counsel,

complaining of LOAN DEPOT LLC ("Defendant") and JOHN DOES 1-10, as

follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for Defendant's violations

of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

and the Florida Telephone Solicitation Act, Fla. Stat. §501.059 *et seq.*

1

2.      "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.      As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5.      The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §1367.

6.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Vero Beach, Florida.

2

8.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because he is an individual.

9.     Defendant is a prominent mortgage lender that offers mortgage loans to consumers nationwide.

10.     Defendant touts itself as "the nation's fifth largest retail mortgage lender and the second largest nonbank retail originator, funding more than $275 billion since inception."[1]

11.     Defendant maintains its principal place of business in Irvine, California.

12.     Defendant is a "person" as defined by 47 U.S.C. § 153(39) because it is a limited liability company.

13.     JOHN DOES 1-10 are third party vendors/agents that Defendant engages to place outbound marketing calls to consumers on Defendant's behalf.

14.     At all times relevant, Defendant had an agency relationship with John Does 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of John Does 1-10 (as the agents) and John Does 1-10 (as the agents) had the authority to act on behalf of Defendant. Accordingly,

---

[1] https://www.loandepot.com/about (last visited December 23, 2022)

3

Defendant, as the principal of John Does 1-10, is liable for the acts of its agents John Does 1-10.

## FACUTAL ALLEGATIONS

15.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6485.

16.     At all times relevant, Plaintiff's number ending in 6485 was assigned to a cellular telephone service.

17.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

18.     At no point in time did Plaintiff contract with Defendant or otherwise solicit any of Defendant's mortgage products.

19.     At no point in time did Plaintiff provide Defendant with his cellular telephone number ending in 6485.

20.     At no point in time did Plaintiff provide Defendant with consent to place calls to his cellular telephone number ending in 6485.

21.     At all times relevant, Plaintiff's cellular telephone number ending in 6485 was registered on the National Do-Not-Call Registry.

22.     In November 2022, Defendant began placing voluminous solicitation calls to Plaintiff's cellular phone number.

23.     For example, on November 29, 2022, Defendant placed no less than five (5) solicitation calls to Plaintiff's cellular phone number.

24.     From November 2022 through the present, Plaintiff answered multiple calls from Defendant.

25.     Upon answering most of Defendant's solicitation calls, Plaintiff is greeted with a prerecorded/automated message.

26.     During the answered calls, upon being connected to a live representative, Plaintiff informed Defendant's representative that he is not interested in a mortgage loan and requested that Defendant cease it solicitation calls.

27.     Despite Plaintiff's requests that Defendant cease its calls, Defendant continued pounding Plaintiff's cellular phone number with solicitation calls.

28.     In some of the calls that Plaintiff did not answer, Defendant would leave voicemails on Plaintiff's cellular phone marketing Defendant's mortgage loans.

29.     Some of the voicemails stated "if you're no longer interested in mortgage information please press pound to opt out...."

30.     Per Defendant's instruction, Plaintiff pressed pound to opt out.

5

31.     Despite opting out per Defendant's instruction, Defendant continued placing solicitation calls to Plaintiff's cellular phone number.

32.     From November 2022 through the present, Defendant placed no less than forty (40) solicitation calls to Plaintiff's cellular phone number, including calls from the phone numbers (908) 368-5259 and (855) 678-6248.

33.     Upon answering some of Defendant's solicitation calls, Plaintiff was met with an extended period of dead air (approximately 15 seconds) and was not greeted by a prerecorded message or a live representative despite saying "hello" multiple times.

## DAMAGES

34.     Defendant's unlawful telemarketing practices have caused Plaintiff damages, including: invading Plaintiff's privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls, decreased productivity, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

35.     Moreover, each time Defendant placed a solicitation call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such

that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

36.    Frustrated and concerned with the escalation of Defendant's invasive telemarketing practices, Plaintiff retained counsel to file this action to compel Defendant to cease its unlawful practices.

## CLASS ALLEGATIONS

37.    Paragraphs 15 through 36 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Classes") defined as follows:

### Do-Not-Call Registry Class

All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, placed, or caused to be placed, a phone call; (2) directed to a residential or cellular telephone number; (3) that is registered on the National Do-Not-Call Registry; (4) in which the purpose of the call was to market Defendant's mortgage loans; (5) within the four years preceding the date of the original complaint through the date of class certification.

### Abandoned Call Class

All individuals in the United States (1) whom answered a solicitation call from Defendant;  (2) within the four years preceding the date of the original complaint through the date of

class certification; (3) in which Defendant failed to provide a prerecorded identification and opt-out message and an automated, interactive voice and/or key press-activated opt-out mechanism that enables the individual to make a do-not-call request; (4) within two (2) seconds of the individual completing their greeting after answering Defendant's call(s).

## Prerecorded Message Class

All individuals in the United States (1) to whom Defendant, or a third party acting on its behalf, placed, or caused to be placed, a phone call; (2) to a phone number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the prior express written consent of the individual; (5) within the four years preceding the date of this complaint through the date of class certification.

## Florida Solicitation Class

All individuals in the state of Florida (1) to whom Defendant, or a third party acting on its behalf, placed, or caused to be placed, a phone call; (2) to a phone number assigned to a cellular telephone service; (3) that played a recorded message upon the individual answering Defendant's call; (4) without the prior express written consent of the individual; (5) within the two years preceding the date of this complaint through the date of class certification.

39.    The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3)

Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

### A.    Numerosity

40.    Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

41.    The exact number of the members of the Putative Classes is unknown to Plaintiff at this time and can only be determined through targeted discovery.

42.    The members of the Putative Classes are ascertainable because the Classes are defined by reference to objective criteria.

43.    The members of the Putative Classes are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors (John Does 1-10).

### B.    Commonality and Predominance

44.    There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Classes.

45.     Those questions predominate over any questions that may affect individual members of the Putative Classes.

**C.     Typicality**

46.     Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as a result of Defendant's unlawful telemarketing practices.

**D.     Superiority and Manageability**

47.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

48.     The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

49.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

50.     Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

**E.     Adequate Representation**

51.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

52.     Plaintiff has no interests antagonistic to those of the members of the Putative Classes and Defendant has no defenses unique to Plaintiff.

53.     Plaintiff has retained competent and experienced counsel in consumer class.

## CLAIMS FOR RELIEF

## COUNT I:

**Violations of the Telephone Consumer Protection Act**
**(on behalf of Plaintiff and Members of the Do-Not-Call Registry Class)**

54.     Paragraphs 15 through 36 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

55.     Pursuant to 47 C.F.R. §64.1200(c)(2) (a regulation based on 47 U.S.C. §227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained  by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

11

56.     Defendant violated 47 C.F.R. §64.1200(c)(2) by placing or causing to be placed no less than forty (40) solicitation calls to Plaintiff's cellular telephone number while it was registered on the National Do Not Call Registry.

57.     As pled above, Plaintiff never consented to receiving solicitation calls from Defendant.

58.     Defendant knew or should have known that Plaintiff's phone number was on the Do-Not-Call Registry as the registry is publicly available and easily accessible.

59.     Instead of scrubbing Plaintiff's phone number through the Do-Not-Call Registry prior to making its solicitation calls, Defendant recklessly placed calls to Plaintiff's cellular phone number without first scrubbing Plaintiff's phone number through the Do-Not-Call Registry.

60.     Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the National Do-Not-Call Registry.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Do-Not-Call Registry Class, requests the following relief:

A.     an order granting certification of the Do-Not-Call Registry Class, including the designation of Plaintiff as the named

12

representative, and the appointment of the undersigned as Class Counsel;

B.    an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C.    judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D.    judgment in favor of the Do-Not-Call Registry Class for Defendant's violations of the TCPA;

E.    an award of $500.00 in damages to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call;

F.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call; and

G.    any further relief this Court deems just and proper.

## COUNT II

### Violations of the Telephone Consumer Protection Act
### (on behalf of Plaintiff and Members of the Abandoned Call Class)

61.    Paragraphs 15 through 36 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

13

62.     Pursuant to the TCPA, a call is "abandoned" if it is not connected to a live sales representative within two (2) seconds of the called person's completed greeting.  47 CFR 64.1200(a)(7).

63.     Pursuant to 47 CFR 64.1200(a)(7)(i), whenever a live sales representative is not available to speak with the person answering the call, within two (2) seconds after the called person's completed greeting, the telemarketer must provide: (1) a prerecorded identification and opt-out message; and (2) an automated, interactive voice and/or key press-activated opt-out mechanism that enables the called person to make a do-not-call request. 47 CFR 64.1200(a)(7)(i).

64.     Defendant violated 47 CFR 64.1200(a)(7)(i) by failing to provide Plaintiff with a prerecorded identification message and an automated, interactive voice and/or key press-activated identification and opt-out message within 2 seconds of Plaintiff answering some of Defendant's dead-air calls (abandoned calls).

65.     As set forth above, upon answering some of Defendant's solicitation calls, Plaintiff was met with an extended period of dead air (approximately 15 seconds) and was not greeted by a prerecorded message or a live representative despite saying "hello" multiple times

14

66.   As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful telemarketing practices.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Abandoned Call Class, requests the following relief:

A.   an order granting certification of the Abandoned Call Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.   an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C.   a judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D.   a judgment in favor of the Abandoned Calls Class for Defendant's violations of the TCPA;

E.   an award of $500.00 in damages to Plaintiff and the members of the Abandoned Call Class for each violating call;

F.   an award of treble damages up to $1,500.00 to Plaintiff and the members of the Abandoned Call Class for each violating call; and

G.    any further relief this Court deems just and proper.

## COUNT III

**Violations of the Telephone Consumer Protection Act**
**(on behalf of Plaintiff and Members of the Prerecorded Message Class)**

67.    Paragraphs 15 through 36 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

68.    Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an *artificial or prerecorded voice*" to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

69.    The TCPA prohibits solicitation calls to wireless numbers unless the caller has the prior express consent of the called party.   47 U.S.C. § 227(b)(1)(A)(iii).

16

70.     Under the TCPA consent rules, some types of calls require prior express written consent, while other types of calls do not require that the consent be in writing.[2]

71.     "Prior express written consent" is required for (a) all telemarketing/promotional calls/texts made using an automatic telephone dialing system ("ATDS") placed to wireless numbers, and (b) all artificial or prerecorded telemarketing/promotional voice calls to wireless and residential numbers.

72.     The TCPA consent rules define "prior express written consent" as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an ATDS or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."[3]

---

[2] 47 C.F.R. §§ 64.1200(a)(2) and (3).

[3] 47 C.F.R. § 64.1200(c)(2)(ii).

73.    Defendant violated § 227(b)(1)(A)(iii) of the TCPA by placing numerous solicitation calls to Plaintiff's cellular phone number utilizing an artificial or prerecorded voice without Plaintiff's prior express written consent.

74.    As pled above, Defendant used an artificial or prerecorded voice that automatically played upon Plaintiff answering Defendant's calls.

75.    As pled above, Plaintiff never provided Defendant with his cellular phone number or otherwise consented to receiving solicitation calls from Defendant.

76.    Upon information and belief, it is Defendant's business practice to place solicitation calls to consumers without their prior express written consent, a practice designed to maximize revenue at the expense of consumers' privacies and solitude.

77.    Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that Defendant has the requisite consent to place solicitation calls to consumers.

78.    As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful telemarketing practices.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Prerecorded Message Class, requests the following relief:

18

A.    an order granting certification of the Prerecorded Message Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.    an order enjoining Defendant from placing further violating calls to consumers;

C.    judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D.    judgment in favor of the Prerecorded Message Class for Defendant's violations of the TCPA;

E.    an award of $500.00 in damages to Plaintiff and the members of the Prerecorded Message Class for each violating call;

F.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Prerecorded Message Class for each violating call; and

G.    any further relief this Court deems just and proper.

## COUNT IV

**Violations of the Florida Telephone Solicitation Act**
**(on behalf of Plaintiff and Members of the Florida Solicitation Class)**

79.     Paragraphs 15 through 36 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

80.     The FTSA prohibits any person from placing a telephonic sales call that plays a recorded message when a connection is complete to a number called without the prior express written consent of the called party. Fla. Stat. §501.059(8)(a).

81.     Defendant violated §501.059(8)(a) of the FTSA by placing sales calls to Plaintiff's cellular phone number that played a recorded message upon Plaintiff answering Defendant's call without Plaintiff's express written consent.

82.     As set forth above, upon answering some of Defendant's sales calls, Plaintiff was greeted with a recorded message.

83.     As set forth above, Plaintiff never provided Defendant with his cellular phone number or otherwise consented to receive solicitation calls from Defendant.

84.     As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful telemarketing practices.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Florida Solicitation Class, requests the following relief:

A.   an order granting certification of the Florida Solicitation Call Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B.   an order enjoining Defendant from placing further violating calls to Florida consumers;

C.   a judgment in Plaintiff's favor for Defendant's violations of the FTSA;

D.   a judgment in favor of the Florida Solicitation Class for Defendant's violations of the FTSA;

E.   an award of $500.00 in damages to Plaintiff and the members of the Florida Solicitation Class for each violating call;

F.   an award of treble damages up to $1,500.00 to Plaintiff and the members of the Florida Solicitation Class for each violating call;

G.   an award of attorney's fees and costs; and

H.   any further relief this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: December 23, 2022                    Respectfully submitted,

**ZACHARY SAWICKI**

By: <u>/s/  *Alexander J. Taylor*</u>

Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*