UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14425-CIV-CANNON

ZACHARY SAWICKI,

    Plaintiff,
v.

LOAN DEPOT LLC and
JOHN DOES 1–10,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court upon a sua sponte review of the record. On December 23, 2022, Plaintiff filed the instant action purporting to bring claims against Defendant Loan Depot LLC and ten unidentified parties labeled in the Complaint as "John Does 1–10" [ECF No. 1 p. 1]. For the reasons stated below, Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**, with leave to amend on or before **January 16, 2023**.

\*\*\*

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is a limited exception to this rule "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)).

Plaintiff's Complaint does not meet the limited exception to the rule against fictitious party pleading. The Complaint merely states that "John Does 1–10 are third party vendors/agents that Defendant engages to place outbound marketing calls to consumers on Defendant's behalf" [ECF No. 1 ¶ 13]. Additionally, all counts of the Complaint purport to be brought against

CASE NO. 22-14425-CIV-CANNON

Defendant Loan Depot LLC alone [*See* ECF No. 1 pp. 11–21].

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff may file an amended pleading that is consistent with this Order on or before **January 16, 2023**.

3. Failure to comply with this Order may result in dismissal of the case without further notice.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 3rd day of January 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record