UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
CASE NO. 2:22-cv-14425

Zachary Sawicki, individually, and
behalf of all others similar situated,

    Plaintiff,

v.

LOAN DEPOT LLC, and
JOHN DOES 1-10,

    Defendants.

_____/

**DEFENDANT LOANDEPOT.COM, LLC'S MOTION TO DISMISS 12(b)(6)**

Defendant loanDepot.com, LLC, incorrectly sued as Loan Depot LLC ("loanDepot"), respectfully moves this Court to dismiss Count I and Count II of Plaintiff Zachary Sawicki's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As set forth in the accompanying Memorandum, Plaintiff's allegations in the Complaint fail to state a claim as to Plaintiff's DNC claim ("Count I") and Plaintiff's abandoned call claim ("Count II").

**MEMORANDUM OF LAW**

**I.     INTRODUCTION**

loanDepot respectfully requests dismissal of Count I and Count II of Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6).

Plaintiff's DNC claim (Count I) must be dismissed for two reasons. First, because Plaintiff does not allege that he used his number for residential purposes and second, because he failed to allege that he personally listed his number on the national DNC Registry.

Plaintiff's abandoned call claim (Count II) should be dismissed because there is no private

right of action to enforce this provision and even if a private right of action did exist, Plaintiff does not actually allege facts demonstrating he received more than one such call in a 12-month period.

As such, the Court should dismiss Count I and Count II Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. THE ALLEGED FACTS

***Plaintiff's Telephone Number Ending in 6485.*** Plaintiff alleges he is the "sole operator, possessor, and subscriber of the cellular telephone number ending in 6486." Plaintiff's Complaint ("Compl.") ¶ 15. His number was assigned to cellular telephone service. Compl. ¶ 16. Further, Plaintiff alleges his number was registered on the National Do-Not-Call ("DNC") Registry.

***The Alleged Calls.*** Plaintiff alleges he received "[u]pon answering some of Defendant's solicitation calls, Plaintiff was met with an extended period of dead air (approximately 15 seconds) and was not greeted by a prerecorded message or a live representative despite saying 'hello' multiple times." *Id.* at ¶ 33.

## III. LEGAL STANDARD

A complaint that "fail[s] to state a claim upon which relief can be granted" is subject to dismissal under Rule 12(b)(6). Under this rule, a complaint should be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at

555). Allegations that support only the "sheer possibility" that the defendant is liable under the TCPA "will not do." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

IV. **ARGUMENT**

    A. **Count I Must be Dismissed Because Plaintiff Does Not Allege That He Used His Number For Residential Purposes and Because He Does Not Allege that Personally Listed His Number On The DNC Registry.**

To state a claim under the TCPA's DNC provisions the Plaintiff must allege receipt of a telephone solicitation to a residential number. *See Becker v. Pro Custom Solar LLC,* No. 219CV535FTM29NPM, 2020 WL 474647, at *8 (M.D. Fla. Jan. 29, 2020) ("Defendant is indeed correct that the relevant TCPA regulations only prohibit calls to 'residential telephone subscriber[s]'"); *Stevens-Bratton v. TruGreen, Inc*., 437 F. Supp. 3d 648, 655 (W.D. Tenn. 2020) ("To succeed on a claim alleging violations of the relevant regulations, a plaintiff must [allege] ... that she was a 'residential telephone subscriber.'") Hence, alleging facts demonstrating residential usage of a phone line is necessary to state a DNC claim. *Stevens-Bratton*, 437 F. Supp. 3d at 655.

Further, under the plain language of the applicable regulation, only a consumer that registers their own number on the DNC list can state a claim. *See* 47 C.F.R. § 64.1200(c). Hence, a Plaintiff must allege he or she placed her number on the DNC list to pursue a suit. *See Rombough v. Robert D. Smith Ins. Agency, Inc.,* No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *5 (N.D. Iowa June 9, 2022) (dismissing case with prejudice where Plaintiff failed to allege that she personally registered her telephone on the DNC registry). Although the court in *Watson v. Manhattan Luxury Automobiles, Inc.,* No. 20 CIV. 4572 (LGS), 2022 WL 4586407, at *9 (S.D.N.Y. Sept. 29, 2022) rejected this argument, the court's ruling was an overbroad interpretation of the statute, as it extended the scope of protection to phone numbers that were

3

once registered.

Plaintiff's DNC claim (Count I) must be dismissed for two reasons. First, because Plaintiff does not allege he used his number for residential purposes and second, because he does not allege that he personally listed his number on the DNC Registry.

### 1. Count I Should be Dismissed As Plaintiff Failed to Allege His Telephone Number Was a Residential Number.

Plaintiff fails to allege his telephone number was a residential number. 47 C.F.R. § 64.1200(c), provides, in relevant part "[n]o person or entity shall initiate any telephone solicitation" to "[a] *residential telephone subscriber* who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." (emphasis added). By its express terms, therefore, 47 U.S.C. § 227(c)(5) only applies to calls to *residential* telephone subscribers. *See Becker v. Pro Custom Solar LLC,* No. 219CV535FTM29NPM, 2020 WL 474647, at *8 (M.D. Fla. Jan. 29, 2020) ("Defendant is indeed correct that the relevant TCPA regulations only prohibit calls to 'residential telephone subscriber[s]'"); *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 655 (W.D. Tenn. 2020) ("To succeed on a claim alleging violations of the relevant regulations, a plaintiff must [allege] ... that she was a 'residential telephone subscriber.'")

Here, the only facts alleged regarding Plaintiff's number is that he is the "sole operator, possessor, and subscriber of the cellular telephone number ending in 6485." Compl. ¶ 15. And the number ending in 6485 was assigned to a cellular telephone service. Compl. ¶ 16. He does not allege whether her number ending in 6485 was used for residential purposes.  But, since a call to a *residential* subscriber is a necessary element of his claim, his failure to allege that the 6485 number was used for residential purposes requires dismissal of Count I. *See Perrong v. Victory Phones LLC,* 519 F. Supp. 3d 193, 197 (E.D. Pa. 2021) ("whether [Plaintiff] has a

residential or cellular line or otherwise is dispositive to whether his claim can survive a motion to dismiss"); *Strange v. Doe #1,* No. CV 19-1096, 2020 WL 2476545, at *3 (W.D. La. May 12, 2020) (holding that Plaintiff may not recover because, amongst other things, Plaintiff "has not put forth any evidence establishing that his cellular telephone [was] used for residential purposes"). Therefore, the Court should dismiss Count I for failure to state a claim.

      **2.    Count I Should be Dismissed Because Plaintiff Dos Not Allege That He Personally Listed His Number on the DNC Registry.**

Under the plain language of the 47 C.F.R. § 64.1200(c), the mere fact that a number is listed on the DNC Registry is not enough to give a plaintiff a claim. Instead, a plaintiff, him or herself, must have actually registered the number on the DNC Registry. *See Rombough v. Robert D. Smith Ins. Agency, Inc.,* No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *5 (N.D. Iowa June 9, 2022) (dismissing case with prejudice where Plaintiff failed to allege that she personally registered her telephone on the DNC registry).

In *Rombough,* the Court looked to the plain language of Section 64.1200(c) and stated, "Section 64.1200(c) indicates that Section 227(c)(5)'s private action exists only for a residential telephone subscriber *who has registered his or her telephone number* on the national do-not-call registry." *Rombough*, 2022 WL 2713278, at *2. And when "the words of a statute are unambiguous, the judicial inquiry is complete." *Babb v. Wilkie*, 140 S. Ct. 1168, 1177 (2020). Because the plaintiff failed to allege, "either directly or indirectly, that *she* registered her telephone on the do-not-call registry,"[1] the Court found the plaintiff failed to state a claim that defendant violated Section 64.1200(c).

On the other hand, in *Watson v. Manhattan Luxury Automobiles, Inc.,* No. 20 CIV. 4572

---

[1] *Id.* at *3.

(LGS), 2022 WL 4586407, at *9 (S.D.N.Y. Sept. 29, 2022), the Court rejected the argument that class members had to register their own telephone numbers on the national DNC Registry. Instead, it found that "[s]uch do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.* (quoting 47 C.F.R. § 64.1200(c)(2)). The Court's reasoning was that "as phone numbers change hands, the NDNCR may not always perfectly reflect which consumers requested to be included. To resolve the potential ambiguity about who is protected from unwanted calls, the regulation provides that numbers remain protected until they are removed, regardless of whether they 'should' still be on the list." *Id.*

The Court should follow *Rombough* and not *Watson* because the plain language of Section 64.1200(c) clearly limits the private right of action to residential telephone subscribers who have registered their telephone numbers on the national do-not-call registry. *See* 47 C.F.R. § 64.1200(c). The Court in *Rombough* correctly applied this language and found that the plaintiff failed to state a claim under the statute. On the other hand, the Court in *Watson* expanded the scope of protection under the statute by allowing for indefinite protection for phone numbers that were once registered, which is not supported by the plain language of the statute. Therefore, the Court should follow *Rombough* and limit the scope of the private right of action under Section 64.1200(c) to only those who have personally registered their telephone numbers on the national do-not-call registry.

Here, Plaintiff alleges that "[a]t all times relevant, Plaintiff's cellular telephone number ending in 6485 was registered on the National Do-Not-Call Registry." Compl. ¶ 21. Plaintiff does not allege, either directly or indirectly, that he personally registered his telephone on the DNC Registry. Thus, Plaintiff fails to state a claim at to Count I of his Complaint. *See Rombough.,*

2022 WL 2713278, at *5.

> **B.    Count II Must Be Dismissed Because there is Not Private Right of Action to Enforce this Provision, and Even if a Private Right of Action Did Exist—it Does Not—Plaintiff Does Not Allege Facts Demonstrating He Received More Than One Such Call in a 12-Month Period.**

To bring forth a lawsuit under a statute, a private right of action must exist. *Escano v. RCI LLC,* No. CV 22-360 DHU/GJF, 2022 WL 17251273, at *5 (D.N.M. Nov. 28, 2022), report and recommendation adopted, No. 222CV00360DHUGJF, 2023 WL 34525 (D.N.M. Jan. 4, 2023) And where a private right of action does not exist, the claim must be dismissed. *See Escano*, 2022 WL 17251273, at *5 ("dismissing with prejudice Counts Five and Six, which are founded on a provision of the Telephone Consumer Protection Act (TCPA) that provides no private right of action").

Count II must be dismissed because there is no private right of action to enforce this provision and even if a private right of action did exist—it does not—Plaintiff does not allege facts demonstrating he received more than one such call in a 12-month period.

> **1.    Count II Should be Dismissed Because there is No Private Right of Action to Enforce this Provision.**

In Count II, Plaintiff seeks to recover statutory damages for alleged violations of 47 C.F.R. § 64.1200(a)(7)(i), which provides, in relevant part, "[w]henever a live sales representative is not available to speak with the person answering the call, within two (2) seconds after the called person's completed greeting, the telemarketer or the seller must provide:

> (A) A prerecorded identification and opt-out message that is limited to disclosing that the call was for "telemarketing purposes" and states the name of the business, entity, or individual on whose behalf the call was placed, and a telephone number for such business, entity, or individual that permits the called person to make a do-not-call request during regular business hours for the duration of the telemarketing campaign; provided, that, such telephone number may not be a 900 number or any other number for which charges exceed local or long distance transmission charges, and

> (B) An automated, interactive voice- and/or key press-activated opt-out mechanism that enables the called person to make a do-not-call request prior to terminating the call, including brief explanatory instructions on how to use such mechanism. When the called person elects to opt-out using such mechanism, the mechanism must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call."

However, 47 C.F.R. § 64.1200(a)(7)(i) is a regulatory provision that implements a subsection of the TCPA, which mandates that the Federal Communications Commission ("FCC") "prescribe technical and procedural standards for systems that are used to transmit any artificial or prerecorded voice message via telephone." 47 U.S.C. § 227(d)(3). But "[t]his [TCPA] subsection [§ 227(d)] does not create an associated private right of action." *Barrett v. Vivint, Inc.*, No. 219CV00568DBBCMR, 2020 WL 2558231, at *6 (D. Utah May 20, 2020) (citing § 227(d)). Therefore, "[the] [t]echnical and procedural standards specific to automated calls [that] are included in § 227(d) and [its] accompanying regulation 47 C.F.R. § 64.1200[(a)(7)] ... do not provide a private right of action or a statutory-damages provision." *Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011). In other words, Plaintiff cannot file a lawsuit to enforce this provision. The FCC has the exclusive authority to enforce this regulation. *See e.g., Escano v. RCI LLC,* No. CV 22-360 DHU/GJF, 2022 WL 17251273, at *5 (D.N.M. Nov. 28, 2022), report and recommendation adopted, No. 222CV00360DHUGJF, 2023 WL 34525 (D.N.M. Jan. 4, 2023) ("dismissing with prejudice Counts Five and Six, which are founded on a provision of the Telephone Consumer Protection Act (TCPA) that provides no private right of action").

   2.   **Even if a Private Right of Action Did Exist—it Does Not—Plaintiff Does Not Allege Facts Demonstrating He Received More Than One Such Call in a 12-Month Period.**

Even if a private right of action did exist, 47 U.S.C. § 227(c)(5) provides, "[a] person who has received ***more than one telephone call within any 12-month period*** by or on behalf of the

same entity in violation of the regulations prescribed under this subsection may, …bring in an appropriate court of that State—(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or (C) both such actions." (emphasis added). By its express terms, therefore, 47 U.S.C. § 227(c)(5) only provides a private right of action for a person who has received more than one telephone call in violation of the TCPA within a 12-month period.

      Here, Plaintiff does not allege any facts demonstrating he received more than one "abandoned" call within any 12-month period. More specifically, Plaintiff alleged that "[u]pon answering some of Defendant's solicitation calls, Plaintiff was met with an extended period of dead air (approximately 15 seconds) and was not greeted by a prerecorded message or a live representative despite saying 'hello' multiple times." *Id.* at ¶ 33. However, Plaintiff did not allege any facts demonstrating that he received more than one "abandoned" call within any 12-month period, as required by the statute. Even assuming arguendo that a private right of action did exist, which it does not, Count II should be dismissed for failure to state a claim. *See Katz v. CrossCountry Mortg., LLC,* No. 1:22-CV-00925, 2022 WL 16950481, at *6 (N.D. Ohio Nov. 15, 2022) (dismissing Plaintiff's First Amended Complaint where, among other things, "Plaintiff's FAC fail[ed] to allege that Defendant made more than one call to him within a 12-month time frame").

## V.    <u>CONCLUSION</u>

      For the foregoing reasons, loanDepot respectfully requests that the Court dismiss Count I and Count II of Plaintiff's Complaint with prejudice.

**CERTIFICATE OF COMPLIANCE
WITH S.D. FLA. L.R. 7.1(A)(3)**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel for loanDepot certifies that he conferred with counsel for Plaintiff prior to filing this motion in an attempt to resolve the issues raised herein. The conferral was conducted by telephone on February 16, 2023. Plaintiff's counsel indicated that the Plaintiff is opposed to issuance of the requested relief.

Dated: February 24, 2023

By: */s/ Jenniffer Cabrera*
Jenniffer Cabrera (FBN 1034545)
**TROUTMAN FIRM**
1825 NW Corporate Blvd, Ste. 100
Boca Raton, Florida 33431
Telephone: 561-834-0883
jenniffer@troutmanfirm.com

*Counsel for Defendant loanDepot.com, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, a copy of the foregoing was served by ECF to counsel of record.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera