**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**
**CASE NO. 2:22-cv-14425**

Zachary Sawicki, individually, and
behalf of all others similar situated,

    Plaintiff,

v.

LOAN DEPOT LLC, and
JOHN DOES 1-10,

    Defendants.
_____/

**DEFENDANT LOANDEPOT.COM, LLC'S MOTION TO STAY AND
BIFURCATE DISCOVERY**

Defendant loanDepot.com, LLC, incorrectly sued as Loan Depot LLC ("loanDepot"), moves, pursuant to Fed. R. Civ. P. 26(c), for entry of an order staying discovery pending the Court's ruling on loanDepot's Motion to Dismiss and Motion to Strike Class Allegations (the "Pending Motions") and, pursuant to Fed. R. Civ. P. 16(b)(4), for entry of an order phasing discovery.

The Court should stay discovery in this proceeding because resolution of the Pending Motions will dispose of or substantially narrow the scope of claims in this action. And in order to effectively manage this litigation, conserve party and judicial resources, and resolve factual disputes as to the merits of Plaintiff's individual claims, discovery should be conducted in three separate phases: (1) discovery into Plaintiff's individual claims; (2) discovery into the appropriateness of class certification if Plaintiff's claims proceed; and (3) if a class is ultimately certified, merits discovery for the class.

**MEMORANDUM OF LAW**

I.   **INTRODUCTION**

Count I and Count II of Plaintiff Zachary Sawicki's ("Plaintiff") complaint cannot survive the pleadings stage because he has failed to allege critical elements for each of his claims and his proposed classes could never be certified.

Where, as here, Count I and Count II is certainly destined to be dismissed, a Court has discretion—and should exercise that discretion—to stay discovery. There is simply no reason for loanDepot and the Court to waste their resources litigating this case unless, and until, the Plaintiff can state facts worthy of redress in a viable suit.

In short, the Court should stay discovery in this proceeding because resolution of the Pending Motions will dispose of or substantially narrow the scope of claims in this action. Good cause exists to stay discovery given that Plaintiff will suffer no harm or prejudice from a stay pending the outcoming of the Pending Motions. loanDepot would, on the other hand, face significant burdens in incurring potentially needless time, expense, and effort in discovery that may very well prove moot or unnecessary pending the Court's rulings on the Pending Motions. Plaintiff has no urgent need for discovery until the Pending Motions are resolved; this case is at a nascent stage where no answer has been filed, and no discovery has been taken or exchanged.

To protect the parties from the significant burden and expense of discovery in a potentially moot action, loanDepot respectfully requests the Court to stay all discovery in this action, including pretrial deadlines, pending the Court's disposition of the Pending Motions.

Moreover, loanDepot respectfully requests that discovery in this matter be thoughtfully phased to account for the unusual setting of this lawsuit. In its first phase, discovery will be limited to the narrow issue of whether Plaintiff has a valid individual claim against loanDepot. If

necessary, the second phase of discovery would be focused on broader issues of commonality ahead of a potential certification effort. A final phase–again, should it be necessary–would permit the individual merits of each member of a certified class to be explored.

Good cause exists to phase discovery in this manner because doing so would allow the Court to first resolve the merits of Plaintiff's individual claims and avoid burdensome class discovery if Plaintiff's claims prove meritless. Additionally, phasing class certification discovery from class merits discovery is critically important in TCPA and FTSA cases where plaintiffs commonly (and improperly and needlessly) seek massive swaths of private consumer information on individuals who are not class members precertification.

Such productions impose a huge expense on TCPA and FTSA defendants and also pose a clear and present danger to consumers who unknowingly have their private data released without notice. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs).

These concerns are particularly stark here because Plaintiff's Complaint already fails to plead sufficient factual allegations to plausibly state a claim and he has already attempted to define badly-deficient classes that can never be certified. There is good reason to believe, therefore, that this case will never get past the first phase (i.e., that Plaintiff will never be able to state and prove a meritorious claim against loanDepot.) Allowing the case to proceed to non-phased class merits discovery, therefore, would result in the intrusion of privacy of potentially thousands of consumers who have not asserted any claim against loanDepot and have never received an illegal call. Relatedly, due process requires that loanDepot has the ability to conduct

3

discovery related to the actual claims asserted by the members of the final certified class. Indeed, Federal Rules of Civil Procedure governing class certification aim for certification to take place as early as practicable to assure that principles of due process are satisfied. *See generally* Fed. R. Civ. P. 23.

Accordingly, loanDepot submits that good cause exists to phase discovery, which will avoid burdensome class discovery if Plaintiff's claims prove meritless, and expedite the decision on class certification in accord with Fed. R. Civ. P. 23.

## II.  LEGAL STANDARD

"District courts are given 'broad discretion over the management of pre-trial activities, including discovery and scheduling.'" *Brooks v. Event Entm't Grp., Inc.*, No. 20-22185-CIV, 2020 WL 5535346, at *1 (S.D. Fla. Sept. 15, 2020) (citing *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001)). As Judge Goodman has noted, "[t]he test for whether a stay should be granted pending the resolution of a motion to dismiss is straightforward: a stay is appropriate where the movant shows good cause and reasonableness." *Zamber v. Am. Airlines, Inc.*, 2017 WL 5202748, at *3 (S.D. Fla. Feb. 17, 2017) (internal quotations omitted). Good cause can be shown where an early motion is likely to dispose of an entire case, and that motion "should be resolved as soon as practicable to obviate avoidable discovery costs." *Id.*; *Brooks*, 2020 WL 5535346, at *1 (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)).

In *Ray v. Wal-Mart Stores, Inc.*, Judge Scola set forth succinctly and clearly the principles and concerns that guide the court's analysis in deciding whether to grant a motion to stay:

> To evaluate whether there is a strong likelihood "the motion will be granted and entirely eliminate the need for such discovery," the district court must take a "preliminary peek" at its merits. *Feldman v. Flood,* 176 F.R.D. 651, 652–53 (M.D. Fla. 1997) (citations omitted). The court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery." *See id.* at 652 (citations omitted). Both concerns are important—while

> a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and protraction of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case. *See Chudasama*, 123 F.3d at 1368-69; *Feldman*, 176 F.R.D. at 652-53. Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness. *McCabe*, 233 F.R.D. at 685.

2019 WL 9075965, at *1 (S.D. Fla. Oct. 10, 2019).

### III. ARGUMENT

#### A. The Court Should Stay Discovery Until Resolutions Of The Pending Motions Because The Pending Motions May Substantially Narrow the Scope of the Claims in this Case.

In a published opinion issued twenty-five years ago, the Eleventh Circuit admonished that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should…be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). The Eleventh Circuit reiterated this point in a published opinion issued just two years ago. *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) (same, citing *Chudasama*).

And while it is true that motions to stay are granted more often as the exception rather than the rule, the Eleventh Circuit has reaffirmed *Chudasma's* first principle time and time again. *See Horsley v. Feldt*, 304 F.3d 1125, 1131, n.2 (11th Cir. 2002) (affirming stay of discovery during pendency of dispositive motions because "there was no need for discovery before the district court ruled on those motions"); *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005); *Johnson v. Wellborn*, 418 F. App'x 809, 817, n.10 (11th Cir. 2011) ("Where there are no legally supportable claims, the district court may properly terminate a case before discovery or other pre-trial proceedings.") (citing *Chudasama*); *Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 749 (11th Cir. 2013) (noting that it is wise to stay discovery while a motion to dismiss is pending).

And to cast aside any doubt, in 2017 the Eleventh Circuit made clear that "ideally" discovery should await resolution of dispositive motions. *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). That is because "[m]otions to dismiss for failure to state a claim 'always present a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court ha[s] any need for discovery before the court rules on the motion.'" *Id*. (quoting *Chudasama*, 123 F.3d at 1367). "To be sure, *Chudasama* has not been overruled and it is certainly true that district courts in this circuit sometimes stay discovery pending resolution of a case-dispositive motion." *Zamber*, 2017 WL 5202748, at *4.

Here, loanDepot has filed the Pending Motions, both of which are potentially dispositive and plainly meritorious. First, loanDepot has filed a motion to dismiss that may dispose of Count I and Count II against loanDepot because Plaintiff does not allege that he personally listed his number on the national DNC Registry and because he does not allege he used his number for residential purposes. Secondly, there is no private right of action to enforce 47 C.F.R § 64.1200(a)(7)(i) and even if a private right of action did exist, Plaintiff does not actually allege facts demonstrating he received more than one such call in a 12-month period. As such, the resolution of this motion may dispose of Counts I and II, triggering grounds for a stay on discovery. *See Bank of Am., N.A. v. De Morales*, 314 So. 3d 528, 532 (Fla. 3d DCA 2020) (holding that "[t]he motion to dismiss could dispose of the entire case, just not of other ancillary issues, a stay was not only appropriate, but required under the facts of this case").

Additionally, loanDepot filed a motion to strike class allegations that may dispose of all claims by the putative class members against loanDepot. Plaintiff's proposed classes cannot meet the requirements under Rule 23 of the Federal Rules of Civil Procedure for a number of reasons.

6

As discussed in that motion, the Do Not Call Registry class is overly broad and lacks commonality because: i) it is not limited to class members who received more than one call violating the statute within a 12-month period; ii) it does not account for consent or established business relationship defenses; and iii) it is not limited to individuals who personally placed their number on the DNC Registry. Moreover, Plaintiff is not a member of the class because he does not allege the use of his phone for residential purposes.

Second, the Abandoned Call Class also fails because there is no private right of action and because Plaintiff fails to allege facts showing he is part of the class. Further, as defined, the class includes calls that are not abandoned because loanDepot's agent was on the call at the time.

Lastly, the Prerecorded Message and FTSA classes are not defined objectively because it includes only individuals who did not provide express written consent—which is a critical merits issue and not subject to objective determination.

As such, the resolution of the motion to strike may dispose of or substantially narrow Plaintiff's and the putative class members' claims. In sum, the proposed classes are facially uncertifiable in a manner that discovery cannot resolve, and therefore Plaintiff's class allegations should be stricken as a matter of law. *See, e.g., Brazil v. Dell, Inc.*, 585 F. Supp. 2d 1158, 1166-67 (N.D. Cal. 2008). As such, resolution of this motion may entirely dispose of all putative class members' claims. As the Pending Motions are well taken and potentially dispositive of all or most of the case, good cause exists to stay discovery.

> **B.  A Limited Stay of Discovery is Reasonable and Appropriate In this Case Because Commencement of Discovery Would Significantly Burden the Parties and the Court.**

As noted, the general rule in this Circuit under *Chudasama* is that motions to dismiss should "be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367. Under *Chudasama*,

a stay of discovery is appropriate in this case. loanDepot should not be subjected to the burden of producing discovery in this action while meritorious challenges to the sufficiency of Plaintiff's Complaint are outstanding. The burden on a class action defendant in conducting discovery is undoubtedly large. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs).

That burden is only compounded in TCPA and FTSA class actions, where the plaintiff may demand burdensome and expensive discovery regarding every call or text message a defendant made during the class period. *See also Theodore D'Apuzzo, P.A. v. United States*, 2017 WL 3098713, at *2 (S.D. Fla. Apr. 11, 2017) (granting motion to stay because the defendant "would suffer prejudice and undue burden should discovery proceed"). Because of this burden, the Court should stay discovery until it is determined which claims and parties are properly before the Court.

Certainly, it makes little sense for the parties to engage in time-consuming and expensive—yet potentially unnecessary—discovery when a ruling on any of loanDepot's motions could render those efforts a nullity. Courts have found that a stay is appropriate in similar circumstances. For instance, as Judge Ruiz noted last year in staying discovery pending a decision on a motion to dismiss in a putative class action, "[w]hen faced with legitimate challenges to the legal theory upon which a broad class action complaint rests, a temporary stay of discovery is the proper course until such challenges are resolved." *Leace v. Gen. Motors LLC*, 2021 WL 2827759, at *2 (S.D. Fla. July 8, 2021) (citing *Chudasama* and Judge Moreno's decision in *Padilla v. Porsche Cars N. Am., Inc.*, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019), where the court also stayed discovery while a motion to dismiss was pending in a class action).

8

In fact, "absent a stay of discovery pending determination of these threshold legal issues, Defendants will be forced to expend considerable resources to respond to Plaintiff[s'] discovery requests. The Eleventh Circuit instructs that this is precisely when a stay of discovery is warranted." *Borislow v. Canaccord Genuity Grp. Inc.*, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014). To allow discovery in this case to go forward and then have all or part of loanDepot's motions granted would cause only a waste of the Court's and the parties' time and resources. Further, granting the instant motion will not prejudice Plaintiff or disrupt the Court's schedule. *See Theodore D'Apuzzo, P.A. v. United States*, 2017 WL 3098713, at *2 (S.D. Fla. Apr. 11, 2017) ("A brief stay of discovery will not cause any prejudice to [the plaintiff], who will have sufficient opportunity to conduct discovery if his claims advance.").

In sum, loanDepot's request for a stay of discovery is reasonable and appropriate under the circumstances and granting this request will not cause any prejudice to Plaintiff.

### C. Phasing Individual Merits Discovery Will Serve the Interests Of Judicial Economy Because If Plaintiff's Claims Fail, Then Far More Resource-Intensive Discovery On The Merits Of The Proposed Class Claims Can Be Avoided.

Phasing individual merits discovery is in the best interests of the Court and the parties, as it serves judicial economy in potentially resolving an unmeritorious class action at the individual stage. Thus, district courts properly exercise their discretion to phase discovery when a threshold issue might be dispositive of the plaintiff's claims such that limiting discovery to that issue would conserve the parties' and the court's resources. *See, e.g., Methelus v. Sch. Bd. of Collier Cty.*, 2016 WL 8539815, at *1–2 (M.D. Fla. July 21, 2016) (recommending bifurcated discovery focusing on class issues while a motion to dismiss was pending) *report and recommendation adopted*, 2017 WL 1050374 (M.D. Fla. Mar. 17, 2017); *Physicians Healthsource, Inc. v. Anda, Inc.*, 2012 WL 7856269, at *2 (S.D. Fla. Nov. 27, 2012) (granting motion to bifurcate a Telephone

9

Consumer Protection Act class action where minimal inconvenience was found to be "insufficient to outweigh the advantages potentially gained by resolving the individual claims at an early stage", and further noting that the "Plaintiff's arguments against bifurcation are unconvincing."); *Degutis v. Fin. Freedom LLC*, 2013 WL 10207621, at *1-2 (M.D. Fla. 2013) (finding bifurcation of class and merits discovery to be "appropriate").

Moreover, if the initial phase of discovery demonstrates that Plaintiff's claims fail or that Plaintiff is otherwise not an adequate class representative, then the far more resource-intensive discovery on the merits of the purported class claims can be avoided. In *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129 (D. Mass. Feb. 27, 2019), for example, the court bifurcated individual merits and class discovery because "the need for class discovery may be eliminated if [defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims." *Id*. at *2.

Additionally, "class discovery is not necessary to address certain issues that may be dispositive of Plaintiffs' individual claims or ability to bring the asserted class claims..." *Id.*; *see also, e.g., DeLeon v. Time Warner Cable LLC*, 2009 WL 10674767, at *1 (C.D. Cal. Nov. 2, 2009) ("The Court has authority to bifurcate this case so that discovery and dispositive motions on Plaintiff's individual claims take place before submerging the parties in an ocean of class discovery."); *Gottlieb v. Amica Mut. Ins. Co.*, 2021 WL 1839602, at *2 (D. Mass. May 7, 2021) (granting request to bifurcate and delay class discovery pending resolution of defendant's motion for summary judgment); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, 2014 WL 413534, at *4–6 (D.N.J. Feb. 4, 2014) (granting defendant's bifurcation request and discussing the efficiencies of bifurcation in a putative class action); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 WL 3474444, at *5, *6 (N.D. Ill. July 19, 2018) (bifurcating discovery

"where some limited, first-stage production could shave off substantial wasted efforts" on purported class claims and "perhaps…entirely forego class-wide discovery, saving resources and expense on all sides").

Phasing discovery would allow for the initial resolution of threshold matters in this action, which would impact his ability to maintain his present claims under the TCPA. *See* 47 U.S.C. § 227.

loanDepot will also be prejudiced should the Court deny this motion and allow class-wide discovery to occur prior to, or simultaneously with, discovery into Plaintiff's individual claims, as loanDepot would be forced to engage in unnecessary discovery that will likely turn out to be a waste of time, money, and resources when Plaintiff's claims are inevitably dismissed as meritless. Plaintiff will have succeeded in engaging loanDepot and this Court in burdensome class discovery when his underlying individual allegations are without merit. Phasing discovery would ensure that neither this Court nor the parties expend unnecessary time or resources on a claim that has no grounds to proceed as a class action.

Moreover, as set forth more fully in loanDepot's Motion to Strike, Plaintiff's proposed classes are facially uncertifiable. First, the Do Not Call Registry class is overly broad and lacks commonality because: i) it is not limited to class members who received more than one call violating the statute within a 12-month period; ii) it does not account for consent or established business relationship defenses; and iii) it is not limited to individuals who personally placed their number on the DNC Registry. Moreover, Plaintiff is not a member of the class because he does not allege the use of his phone for residential purposes.

Second, the Abandoned Call Class also fails because there is no private right of action and because Plaintiff fails to allege facts showing he is part of the class. Further, as defined, the

11

class includes everybody to whom a message was not played within two seconds of a called party completing their greeting, but that would include calls that are not abandoned because loanDepot's agent was on the call at the time.

Lastly, the Prerecorded Message and FTSA classes are not defined objectively because it includes only individuals who did not provide express written consent—which is a critical merits issue and not subject to objective determination. Requiring a substantive determination prior to class membership raises fairness and one-way intervention concerns and is not permissible.

As such, the resolution of the motion to strike may dispose of or substantially narrow Plaintiff's or the putative class members' claims. Commencing class discovery before these facially uncertifiable classes are narrowed (or even eliminated) would be an altogether unproductive and pointless exercise.

loanDepot therefore requests that discovery be phased, and the merits of Plaintiff's individual claims be resolved first, to allow the Court time to rule on loanDepot's Pending Motions and to allow the parties to resolve the merits of Plaintiff's individual claims before engaging the parties and this Court in unnecessary class discovery.

**D.    If Plaintiff's Individual Claims Proceed, The Court Should Phase Class Certification Discovery from Class Merits Discovery Because It Would Permit the Court to Determine the Propriety of Class Certification Early.**

If Plaintiff's individual claims proceed, loanDepot respectfully requests that this Court further phase class certification discovery from class merits discovery, such that class merits discovery only occurs if a class is certified (none of which can be in this case). Courts regularly phase class certification and merits discovery in similar cases, recognizing that "class certification discovery should be straightforward and distinguishable from merits discovery." *Horton v. Sw. Med. Consulting, LLC,* 2017 WL 5075928, at *1 (N.D. Okla. Aug. 14, 2017); *See Nazario v.*

*Sharinn & Lipshie, P.C.,* 2020 WL 205896, at *1 (D.N.J. Jan. 14, 2020) ("Courts generally postpone class-wide discovery on the merits of the claims when bifurcation serves the interests of fairness and efficiency.").

In deciding motions to bifurcate merits discovery from class certification discovery, courts consider the following factors: (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion, *see Plummer v. Chicago Journeyman Plumbers' Local Union* No. 130, U.A., 77 F.R.D. 399, 402 (N.D. Ill. 1977); (2) economy, meaning "the potential impact a grant or denial of certification would have upon the pending litigation," *see Gonzalez v. Pepsico, Inc.,* 2007 WL 1100204, at *3 (D. Kan. April 11, 2007), and whether the definition of the class would "help determine the limits of discovery on the merits," *see Am. Nurses' Assoc. v. State of Illinois,* 1986 WL 10382, at *3 (N.D. Ill. Sept. 12, 1986); and (3) severability, meaning whether class certification and merits issues are closely enmeshed. *Harris v. comScore, Inc.*, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012).

Here, if discovery is bifurcated in this manner, the Court will undoubtedly be in a superior position to make an early determination on the propriety of class certification as required by Federal Rule of Civil Procedure Rule 23. *See Washington v. Brown & Williamson Tobacco Corp*., 959 F.2d 1566, 1570–71 (11th Cir. 1992) (noting that courts may allow class discovery and postpone merits discovery "[t]o make early class determination practicable"). Additionally, "proceeding with merits discovery, which may well involve the review of millions of documents not directly relevant to the issues of class certification, [. . .] would frustrate the court's effort to certify the action as a class action at an early practicable time, as is mandated by Rules." *Harris*, 2012 WL 686709, at *3 (internal quotations omitted).

Similarly, economy favors bifurcation of merits and certification discovery, "as the

limited statutory damages available to Plaintiffs are likely an insufficient motivation to litigate in the absence of class certification." *Id*. Thus, should the Court deny class certification, Plaintiff would have little incentive to continue the pending litigation. Finally, class merits and class certification discovery can be severed from one another without posing an undue burden on the parties or this Court.

To be absolutely clear, certification discovery would include all evidence necessary for Plaintiff to prove that the requirements of Rule 23 can be shown. But it would not include evidence related to the merits of individual class members. Thus, for instance, Plaintiff could inquire regarding loanDepot's do not call practices and policies. But he would not be permitted to obtain a list of all individuals who may have requested that calls cease. Similarly, he might inquire regarding where any numbers that were texted or called came from, but he would not be permitted to obtain the confidential names and phone numbers of class members pre-certification. This is so because these individuals are not yet parties to the case prior to certification. Once the case is certified—and all parties know exactly what the contours of the final class definition might be—the confidential records of individual class members might be safely identified produced and analyzed ahead of trial.

Thus, good cause exists to phase class certification versus class merits discovery (if the class is certified), as doing so will compel Plaintiff to swiftly seek certification as Rule 23 contemplates, and limit discovery to issues pertinent to the certification effort—reserving class merits discovery until a class is certified.

## IV. CONCLUSION

For the foregoing reasons, loanDepot respectfully requests that the Court stay discovery until the Court rules on loanDepot's Motion to Dismiss and Motion to Strike Class Allegations

and enters an Order phasing discovery in this matter pursuant to Fed. R. Civ. P. 16(b)(4).

### CERTIFICATE OF COMPLIANCE
### WITH S.D. FLA. L.R. 7.1(A)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel for loanDepot certifies that he conferred with counsel for Plaintiff prior to filing this motion in an attempt to resolve the issues raised herein. The conferral was conducted by telephone on February 16, 2023. Plaintiff's counsel indicated that the Plaintiff is opposed to issuance of the requested relief.

Dated: March 10, 2023

By: */s/ Jenniffer Cabrera*
Jenniffer Cabrera (FBN 1034545)
**TROUTMAN FIRM**
1825 NW Corporate Blvd, Ste. 100
Boca Raton, Florida 33431
Telephone: 561-834-0883
jenniffer@troutmanfirm.com

*Counsel for Defendant loanDepot.com, LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023, a copy of the foregoing was served by ECF to counsel of record.

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera